## United Aluminum Corporation of St. Louis v. Argentiero

*Blanc & Steinberg,* for plaintiff.
*Abraham Friedman,* for defendant.

WINNET, J., June 12, 1943.—There is $30 involved in this suit. The amount, however, has not limited the legal problems that have been raised nor the fervor with which opposing counsel urged them.

Plaintiff has its office in St. Louis, Mo. On November 27, 1940, its agent took an order from defendant in Philadelphia for aluminum ware amounting to $47.90. The order blank states that the merchandise described is "Sold to V. Argentiero . . ." The transaction, however, was not a sale but simply an order

given by defendant to plaintiff. It was an offer to buy the merchandise and was subject to the approval of plaintiff at its office in St. Louis, Mo.

The very next day defendant sent a registered letter canceling the order. On the same day also plaintiff mailed defendant an acknowledgment of the order. Plaintiff contends that defendant's revocation was ineffective because before it was received a binding contract was consummated by the acknowledgment sent. There can be no doubt that the revocation of an offer must be communicated to the offeree before it is effective: A. L. I. Restatement of Contracts, §41; Williston on Contracts, sec. 57. Before receiving the cancellation an acknowledgment of the order was sent to defendant. This, plaintiff contends, constituted an approval of the order and completed the contract.

Plaintiff offered in evidence a typical card of acknowledgment which reads:

"We acknowledge with thanks receipt of your valued order of ——— given our Mr. ——————— amounting to $——— on terms of ——————— F.O.B. St. Louis.

As special advertising is called for, order cannot be cancelled by purchaser.

UNITED ALUMINUM CORP. OF ST. LOUIS."

If in fact this acknowledgment were made we would rule that there was an approval of the order before the cancellation was received. The offeror, or the defendant, would be justified in inferring from this card that plaintiff had undertaken to make the shipment in accordance with the terms of the order. The card of acknowledgment which plaintiff did send was different. It reads:

"We acknowledge with thanks receipt of your valued order of 11/27/40 given our Mr. Ford amounting to $47.90 on terms of 1/3-30-60-90 days from date of

shipment F.O.B. St. Louis *which is to be subject to our approval as noted on the order.* As special advertising is called for, order cannot be cancelled by purchaser.

UNITED ALUMINUM CORP. OF ST. LOUIS."

(Italics supplied.)

The card, therefore, leaves the matter as it stood when the order was taken. If there was a right to cancel then there has been a proper revocation of the offer.

The order, however, provided as follows: "As exclusive control has been given, thereby preventing our salesman from selling the 'Trade Builder' to any other store in territory specified and as special advertising matter is to be printed, THIS ORDER CANNOT BE CANCELLED."

The reasonable interpretation of this provision is that defendant has for good and valuable consideration undertaken to make his offer irrevocable, the consideration being plaintiff's undertaking not to sell the product to any other store in the territory specified. It was an act of forebearance on the part of plaintiff which constituted sufficient consideration to bind defendant on his promise not to cancel the order. A. L. I. Restatement of Contracts, §75.

Defendant is liable in damages for breach of its agreement not to cancel the order. The proof of damage was contained in the depositions. There were two items of commissions due to salesmen, a loss of profit, and a small charge for a credit report and reference, the total of the items being $30. Defendant's counsel objected to the sufficiency of these items of damage. This objection was obviously too late. Under Municipal Court Rule 77 exceptions should have been filed within ten days after receipt of notice of the filing of the depositions. Rule 78 provides for the disposition of exceptions on the motion list before the trial. At the trial the only objections to admissibility of evidence in depositions which will be heard are as to relevancy.

The court finds for plaintiff in the sum of $30, with interest from November 29, 1940, amounting to $4.57, or a total sum of $34.57.